IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Robert Kimbrell, | ) | Case No. 5:20-cv-04285-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Stephon, Correctional Officer Ms. McCrea, Correctional Officer Ms. Tucker, Correctional Officer Cleveland, Correctional Officer Ms. Wright, Lieutenant Mr. Cook, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On August 12, 2021, Defendants Correctional Officer Cleveland and Warden Stephon filed a motion to dismiss for lack of jurisdiction. ECF No. 43. On August 13, 2021, this Court issued Orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 44. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On September 17, 2021, the Magistrate Judge issued a Report recommending that this action be dismissed

pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  ECF No. 47.  The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  He did not file objections to the Report, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] The Court notes that several pieces of mail, including the *Roseboro* Order and the Report, have been returned as undeliverable.  *See, e.g.,* ECF Nos. 49, 50.  Plaintiff was specifically informed that it is his responsibility to keep the Court apprised of his current address.  ECF No. 8.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Accordingly, this action is **DISMISSED** with prejudice.[2]

IT IS SO ORDERED.

                                                                                             s/ Donald C. Coggins, Jr.
                                                                                             United States District Judge

October 25, 2021
Spartanburg, South Carolina

---

[2] The motion to dismiss [43] is found as **MOOT**.